UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. OROZCO-OROZCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No.  1:23-cv-00908-JLT-SKO (HC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 6)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>[NO CERTIFICATE OF APPEALABILITY IS REQUIRED] |

Jose F. Orozco-Orozco is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued findings and recommendations to dismiss the petition as unexhausted.  (Doc. 6.)  Petitioner filed objections.  (Doc. 8.)  In his objections, Petitioner concedes that his petition is unexhausted, but he argues that exhaustion would be futile. In his petition, he claimed that his immigration detainer precluded him from having First Step Act credits applied to his sentence.  (Doc. 1 at 6, 9-19.)  The magistrate judge noted that the BOP changed their procedure on February 6, 2023, such that inmates with immigration detainers were no longer barred pursuant to BOP policy from earning FSA credits and having them applied to their sentence. U.S. Dep't of Justice, Federal Bureau of Prisons, *Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of*

*18 U.S.C. 3632(d)(4)* (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf (last visited June 30, 2023).  Thus, the magistrate judge concluded that exhaustion would not be futile.

In his objections, Petitioner alters his claim for relief.  He now asserts that the BOP has informed him that it will not apply FSA times credits to his release date because he is subject to a final order of removal.  Upon review of the records Petitioner submitted, it appears Petitioner is subject to a final order of removal. According to the attached Department of Homeland Security (DHS) Form I-247A, DHS determined that Petitioner is subject to a final order of removal. (Doc. 1 at 30.)  Petitioner disputes this and argues he simply has an immigration detainer lodged against him.  This dispute does not concern the BOP's interpretation of a statute.  Rather, it is a factual dispute.  If in fact the BOP has erroneously determined that Petitioner is subject to a final order of removal rather than an immigration detainer, an administrative appeal to correct the factual dispute should prove fruitful.  Thus, the Court does not find that Petitioner's administrative remedies would be futile.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Thus,

1. The findings and recommendations issued on June 21, 2023, (Doc. 6), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. In the event a notice of appeal is filed, no certificate of appealability is required.

///

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **July 12, 2023**

UNITED STATES DISTRICT JUDGE